RECEIVED
IN LAKE CHARLES, LA.
JUN 14 2010
TONY R. MOORE, CLERK
BY _____ DEPUTY

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN, ET AL. | : | DOCKET NO. 2:09 CV 02011 |
| VS. | : | JUDGE MINALDI |
| DANNY HART, LANCE A. WILSON AND STATE OF LOUISIANA | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are Motions to Dismiss [doc. 5 and 6] filed by the defendants, the Town of New Llano ("New Llano"), Danny Hart ("Hart"), New Llano Chief of Police, and Lance A. Wilson ("Wilson"), an employee of New Llano. The plaintiffs, Robert Allen ("Allen") and his daughter, Mandy Allen Knight ("Knight") filed an Opposition[1] [doc. 9] and the defendant filed a Reply [doc. 10].

Facts

This is a suit by Robert D. Allen and his adult daughter, Mandy Allen Knight, against the Town of New Llano and two of its officers, for an incident allegedly occurring on December 4, 2008. (Complaint ¶5). Multiple allegations are made against the defendants throughout the Complaint, including violations of the plaintiffs' civil rights.

The defendants assert that the complaint fails to state a claim upon which relief can be

---

[1] This Opposition was not timely filed. The opposition was due by April 14, 2010, but was not filed until April 20, 2010.

granted because there is no "bystander liability" in §1983 cases, and because punitive damages cannot be awarded against municipal entities.

## Rule 12(b)(6) Standard

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). To avoid dismissal under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Id.* at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *See Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008).

## Bystander Liability

Mandy Allen Knight seeks to bring a claim, not for what happened to her, rather, what allegedly happened in front of her. ¶11 of the Complaint states that Mandy Knight was present when her father was Tased. ¶16 of the Complaint indicates that petitioner, Robert Allen, claims he was "...wrongfully physically abused in the presence of his daughter." Similarly, ¶ 17 of the Complaint indicates that Mandy Allen Knight was: "...within several feet" of the incident. The Complaint

contains no allegations that Mandy Allen Knight was subjected to any arrest or any direct action by any police officer of the Town of New Llano on that night.

In the opposition (which was filed solely on behalf of Knight), the plaintiffs seek to avoid dismissal of Knight"s "bystander" claim by asserting that she was "physically grabbed…and jerked" (Doc. 9-1, p. 1), and "physically battered" (Doc. 9-1, p. 2) by defendant Wilson. The allegations are totally absent from the Complaint and cannot now be considered by the court. *See Dorsey, id.*

As noted by Magistrate Judge Methvin in *Thomas v. Frederick,* 766 F.Supp. 540, 556 (W.D.La.,1991), cited by the defendants,

> [I]t is well-established that a civil rights claim must be based upon a violation of a plaintiff's personal rights. A bystander who witnesses a police action, but who is not himself an object of that action, cannot recover for any resulting emotional injuries under § 1983, although there may be such a claim under state tort law. There is no constitutional right to be free from witnessing police action.[2]

To the extent plaintiffs' complaint could possibly be construed to state a claim for "bystander liability" under 42 U.S.C. § 1983, those claims will be dismissed.

The defendants also seek to dismiss the plaintiffs' claims for punitive damages under 42 U.S.C. § 1983. To the extent the petition can be construed to seek punitive damages under 42 U.S.C. § 1983, the claims will be dismissed because punitive damages cannot be assessed under the

---

[2] Citing *Grandstaff v. Borger,* 767 F.2d 161, 172 (5th Cir.1985), *cert. denied* 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987). *See also Coon v. Ledbetter,* 780 F.2d 1158 (5th Cir.1986); *Archuleta v. McShan,* 897 F.2d 495 (10th Cir.1990).

statute against a municipality because it is immune from such damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

The defendants seek to dismiss for failure to state a cause of action upon which relief can be granted against the officers because they are not being sued in their individual capacities. "Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' " *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Accordingly, a § 1983 suit naming defendants only in their "official capacity" does not involve personal liability to the individual defendant. *See Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) ( "[T]he only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses."); *see also Johnson v. Kegans*, 870 F.2d 992, 998 n. 5 (5th Cir.1989) ("Immunity does not bar suits against defendants in their official capacities."); *Turner v. Houma Mun. Fire and Police Civil Service Bd.*, 229 F.3d 478, 483 ( 5th Cir. 2000); *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir.1999).

In *Kentucky v. Graham* and again in *Hafer v. Melo,* the court found immunity to be inapplicable in § 1983 suits against government officials in their "official capacity." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity. *Graham,* 473 U.S. at 166, 105 S.Ct. 3099 (citations omitted); *see also Hafer,* 502 U.S. at 25, 112 S.Ct. 358 (reiterating the reasoning of *Graham* ); *Burge,* 187 F.3d at 466 ("Unlike government officials sued in their individual capacities,

4

municipal entities and local governing bodies do not enjoy immunity from suit, either absolute or qualified, under § 1983.").[3]

The complaint does not clearly allege individual liability. Repeatedly, the Complaint refers to liability under the theory of *respondeat superior*. ¶2 alleges that Hunt was acting pursuant to official policy and custom, precluding individual liability.[4] ¶3 alleges, in part, that each and all the acts of the defendants alleged were done by them not as individuals, but under color of law. In ¶7 of the Complaint, the plaintiffs allege that the New Llano Police Department dispatched Wilson to answer the call. The plaintiffs also allege that Wilson was not a police officer, but was an employee of the Police Department, who drove a police unit, and who "appeared to have apparent authority." There is no *respondeat superior* liability for §1983 claims. *Monell v. New York City Dept. Of Social Services*, 436 U.S. 658 (1978); *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir.1987); *Field v.*

---

[3] For plaintiffs such as Allen, however, surmounting an immunity argument is only the first step. By framing his suit only against New Lllano officers in their "official capacity," he will have to plead and prove that the Police Department had a custom or policy to discriminate. *See Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). *Graham* detailed the particular elements of an official-capacity claim as follows:

> More is required in an official-capacity action, however. A governmental entity is liable under § 1983 only when the entity itself is a " 'moving force' " behind the deprivation; thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law.

*Graham*, 473 U.S. at 166, 105 S.Ct. 3099 (citations omitted). *Turner v. Houma Mun. Fire and Police Civil Service Bd.*, 229 F.3d 478, 483 ( 5th Cir. 2000).

[4] Danny Hunt was the Police Chief of New Llano and the direct supervisor of Lance Wilson.

*Corrections Corp. of America,* 2010 WL 517679, 1 (5th Cir. 2010). Although the Complaint alleges that Wilson was not a police officer, it appears that the allegation remains that he was acting in an official capacity of the Police Department.

### Conclusion

The 12(b)(6) motion will be granted and the claims of Mandy Allen Knight will be dismissed, as will be all claims for punitive damages and all claims against Lance A. Wilson and Danny Hunt.[5]

Lake Charles, Louisiana, this 14 day of June, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[5] The Police Chief of New Llano was named as "Danny Hart" in the caption of the complaint. Yet in the body of the complaint and in subsequent pleadings, he is named "Danny Hunt." For the sake of clarification, the court will assume the correct name is "Danny Hunt."