-1-

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT ALLEN, ET AL.** | : | **DOCKET NO. 09-CV-2011** |
| **VS.** | : | **JUDGE MINALDI** |
| **TOWN OF NEW LLANO** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECCOMENDATION

On December 4, 2009, plaintiff and his daughter, Mandy Allen Knight, filed a civil rights suit against the Town of New Lliano and two of its officers.  Doc. 1.  On June 14, 2010, the claims of plaintiff Mandy Allen Knight were dismissed, as were all claims against the officers involved.  Docs. 11, 12.  Plaintiff was allowed to pursue his claims against the Town of New Llano.

On August 23, 2010, a scheduling conference was held by telephone at which time plaintiff was represented by a Mr. Howard N. Nugent, Jr.[1]  Doc. 16.  Importantly, plaintiff failed to provide initial disclosures before the scheduling conference, as required by the scheduling conference order.  Doc. 13.  On September 2, 2010, defendant filed a motion with this court, requesting that we compel the initial disclosures and award fees and costs.  Doc. 18.  Pursuant to LR 7.5W, plaintiff was required to respond to the motion within 21 days.  Doc. 20.

Because no opposition had been filed and the deadline to file had expired, the court granted the motion to compel and ordered plaintiff "to provide in writing reasons why this court

---

[1] Since his enrollment in this matter, Mr. Nugent has not filed a motion to withdraw or indicated otherwise to the court his status in this suit.

-1-

should not award costs and attorney fees for his failure to comply with the rule, including a discussion of whether those costs and fees are awardable in this situation." Doc. 21. Plaintiff was to provide initial disclosures and a response to the court's order by October 29, 2010. To date, plaintiff has failed to respond to the court's order, contact the court, or contact the defendant. Doc. 23.

Before the court today is defendant's motion for sanctions [doc. 23] and defendant's original motion for attorney's fees [doc. 18]. For the reasons set forth below, defendant's motions are **GRANTED**.

## Law and Analysis

Rule 26(a) requires parties to provide initial disclosures "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)(A). Pursuant to Fed. R. Civ. P. 37(a)(3)(A), if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." If the motion to compel is successful, the court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses, including attorney's fees, unless the conduct was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). However, the court must refrain from issuing these sanctions if either "1) the movant did not, in fact, attempt in good faith to obtain the requested discovery responses without court action; 2) the failure to respond was substantially justified; or 3) any other circumstance makes the award unjust." *BNY Mellon, N.A. v. Affordable Holdings, Inc.*, No. 09-0226, 2010 WL 3717600, at *1 (N.D. Miss. Sept. 14, 2010) (citing Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii)).

Here, plaintiff did not file initial disclosures. Counsel for defendant has written to plaintiff's counsel numerous times requesting the initial disclosures as ordered. Doc. 22.

-3-

Plaintiff has failed to respond in regard to any of the court's orders or defendant's correspondence. Plaintiff's failure to respond to the defendants' efforts to obtain requested documents and to this motion demonstrate that the defendants are entitled to reasonable expenses under this rule. *Washington v. M. Hanna Const. Inc.*, 299 Fed.Appx. 399 (5th Cir. 2008); *Fuertes v. City of Plaquemine*, No. 09-0152, 2010 WL 1643593 (M.D. La. Apr. 21, 2010). Pursuant to Rule 37(a)(5)(A), the plaintiff is ordered to pay to the defendant's reasonable expenses.

Federal Rule of Procedure 37(b)(2)(A)(v) allows for "a district court's dismissal of an action and contemplate such a measure when a party . . . fails to comply with a discovery order, fails to prosecute his case, or fails to comply with an order of the district court." *Hunting v. Basf Corp.*, No. 09-20727, 2010 WL 4025852, at *2 (5th Cir. Oct. 14, 2010); s*ee also Munoz v. U.S. Xpress, Inc.*, 367 Fed.Appx. 506, 507 (5th Cir. 2010) (same). "Dismissal for violation of a discovery order is justified when (1) 'the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct'; (2) the violation of the discovery order is attributable to the party instead of the attorney; (3) the violation substantially prejudices the opposing party; and (4) no lesser sanction would substantially achieve the desired deterrent affect." *Chisesi v. Auto Club Family Ins. Co.*, 374 Fed.Appx. 475, 476 (5th Cir. 2010) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994)).

Although dismissal is the "most severe sanction" and courts are cautioned to use it sparingly, dismissal is surely warranted under the circumstances of this case. *Tabor v. E.J. Patterson, Inc.*, No. 98-2438, 1999 WL 52144, at *1 (E.D. La. Jan 28, 1999) (citing *Durgin v. Graham*, 372 F.2d 130, 131 (5th Cir. 1967)). First, willfulness is demonstrated by a plaintiff's "failure to comply with the court's discovery order" and failing to notify the court of any

extenuating circumstances. *Chisesi*, 374 Fed.Appx. at 476.

Plaintiff herein has satisfied both criteria. Plaintiff has shown this court no interest in pursuing this claim. From the plaintiff's silence we cannot glean whether this failure to respond as ordered is attributable to the attorney or the plaintiff but what is clear is that the plaintiff has made no effort to contact this court or otherwise indicate any concern in the suit and this suit has now been pending for over a year. While we recognize that plaintiff may not be to blame for his attorney's conduct, plaintiff's personal contribution to the continued disobedience (i.e. indicating total disinterest in the suit) cannot be ignored. *See Carter v. Dialysis Clinic, Inc.*, 234 F.3d 707 (5th Cir. 2000) ("Dismissal may be appropriate even when the client shares little of the blame for an attorney's conduct.").

We further find that the violation prejudiced the defendant by prohibiting the defendant's counsel from carrying the case forward in a timely manner. *See id.* Defendant has been denied initial disclosures that should have, as a matter of law, been automatically given long ago. Plaintiff's neglect has wasted defendant's time, effort, and money.

Finally, it is likely that, here, dismissal – and dismissal only – will "deter other litigants otherwise inclined to disregard clear and reasonable court orders." *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 750 (5th Cir. 1987). Plaintiff has been given numerous chances to respond to the court's orders and timelines, but has blatantly brushed the court aside. Plaintiff's failure to provide initial disclosures, respond to discovery requests, or comply with court orders, warrants the sanction of dismissal. *See Taylor v. Lavergne*, No. 97-3525, 1999 WL 179346, at *2 (E.D. La. Mar. 31, 1999) (finding the sanction of dismissal appropriate where plaintiff "demonstrate[d] a complete disregard for the orders of the court and total disinterest in prosecution of th[e] action"); *Sayles v. Moss*, No. 05-2424, 2006 WL 2400956 (W.D. Tenn. Aug.

18, 2006) (same).

## Conclusion

For the reasons stated herein, it is **RECCOMENDED** that defendant's motion for sanctions [doc. 23] and defendant's motion for attorney's fees [doc. 18] be **GRANTED.** Defendant is to submit to the Magistrate Judge within fourteen (14) days from service of this report and recommendation an itemization of fees to which it claims entitlement and plaintiff shall have fourteen (14) days to respond to that itemization.  Should an objection to this report and recommendation be submitted to this district court in a timely manner, then these deadlines are suspended pending the trial court's review of this matter.

It is further **RECCOMENDED** that Plaintiff's action be **DISMISSED** with prejudice for failure to comply with the Court's discovery orders.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

-6-

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, on December 27, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE