UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN, ET AL. | : | DOCKET NO. 09-CV-2011 |
| VS. | : | JUDGE MINALDI |
| TOWN OF NEW LLANO | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

On December 4, 2009, plaintiff and his daughter, Mandy Allen Knight, filed a civil rights suit against the Town of New Lliano and two of its officers.  Doc. 1.  On December 27, 2010, we issued a Report and Recommendation recommending that defendant's motion for sanctions under Rule 37(b)(2)(A)(v) [doc. 23] and motion for attorneys fees [doc. 18] be granted, and that the plaintiffs' complaint [doc. 1] be dismissed with prejudice for failure to comply with our discovery orders.  Doc. 25.  On January 28, 2011, Judge Minaldi adopted our Report and Recommendation, and remanded the matter to this court "for a determination of the amount of attorneys fees reasonable in this case."  Doc. 27.

In accordance with our December 27, 2010, Report and Recommendation, defendants have submitted an itemization of fees to which it claims entitlement [doc. 26; doc. 22, att. 1], to which the plaintiffs have filed no objection.[1]  Attorney for defendant testifies by affidavit that 8.6 total hours were spent in defense of this suit.  Doc. 22, att. 1, p. 2.  Defendant's attorney also submits that, through their self-insurance risk fund, defendant pays defense counsel $145.00 an

---

[1] Defendants had in fact itemized their requested fees on the affidavit filed into the record on November 4, 2010, as Exhibit "A" to defendant's Response to Electronic Order [doc. 21].  Doc. 22, att. 1.

-2-

hour – an hourly rate that we find entirely appropriate. Doc. 22, p. 4.

We find the defendant's fee request to be reasonable and calculate that, pursuant to the "lodestar" method, an amount of $1,247.00 should be awarded to the Town of New Lliano for plaintiff's failure to comply with Rule 26(a). *See* Fed. R. Civ. Proc. 37(c)(1)(A) (the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure" to comply with Rule 26); *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) ("A Lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.").

## **Conclusion**

For the reasons stated herein, it is hereby **RECOMMENDED** that judgment be entered in favor of the Town of New Llano and against Allen, et al. in the requested amount of $ 1,247.00.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. PROC. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. PROC. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on June 22, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE